SO ORDERED.

SIGNED this 10th day of April, 2026.



_____
Mitchell L. Herren
United States Bankruptcy Judge

Designated for online publication
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In re:**<br>**Continental American Corporation,** | **Case No. 23-10938**<br>**Chapter 11** |
| **Debtor.** | |
| **Sharon Stolte, as Liquidating Agent**<br>**of the Continental American**<br>**Corporation Liquidating Trust,** | |
| **Plaintiff,**<br>**vs.** | **Adv. No. 25-5098** |
| **Toray Plastics (America), Inc.,** | |
| **Defendant.** | |

<u>**Memorandum Order Granting Motion to Dismiss**</u>

In this adversary proceeding, the Liquidating Agent of a Chapter 11

liquidating trust seeks recovery of $232,252.31 in prepetition transfers alleged to

have been made by the debtor to the defendant. The Chapter 11 debtor, a large

multinational business, presumably made a large number of such transfers, leaving the Liquidating Agent with a significant number of similar adversary proceedings to manage. But as this defendant points out, the amended complaint in this proceeding is so devoid of facts particularized to this defendant it does not support the claims made. Rather, the amended complaint merely quotes the statutory elements without addressing the factual basis in support of some of the elements of those claims.

As a result, the Court grants the defendant's motion to dismiss and dismisses the amended complaint stating claims under 11 U.S.C. §§ 547(b), 548, 550, and 502.[1] A complaint cannot survive merely on recitals of the statutory elements without also providing sufficient factual matter that if, accepted as true, would state a claim to relief that is plausible on its face.

## I.      Factual and Procedural Background

On September 22, 2023, the entity Continental American Corporation (Debtor) filed a petition under Chapter 11 of Title 11. Debtor owned and operated a multinational balloon business, directly and through subsidiaries. Debtor ceased operations around the petition date, and the company was subsequently sold. But in the ninety days prepetition, between June 24, 2023, through September 22, 2023, Debtor "continued to operate its business affairs, including the transfer of property,

---

[1] Future statutory references are to the Bankruptcy Code, title 11, unless otherwise specified. The Liquidating Agent appears by Pamela Putnam of Sandberg Phoenix & von Gontard P.C. Defendant appears by Gabriel Greenbaum of Husch Blackwell LLP and Christopher Fong of Nixon Peabody LLP.

**2**

either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, credit card payments, or otherwise to various entities."[2]

About a year and a half later, on April 23, 2025, Debtor filed a First Amended Chapter 11 Plan of Reorganization and Liquidation with Liquidating Trust Agreement, which was confirmed on June 18, 2025. The confirmed plan provided it would be administered by a Liquidating Agent in her capacity as the trustee of a Liquidating Trust and provided the Liquidating Agent with the power to pursue any avoidance actions and remaining actions belonging to Debtor. The Liquidating Agent filed this Chapter 5 action pursuant to that power conveyed to her under the confirmed plan, and shortly thereafter filed an amended complaint against Defendant Toray Plastics (America), Inc.

The Liquidating Agent's amended complaint has very few specifics as to Defendant. The amended complaint alleges Defendant "was, at all relevant times, a vendor or creditor to or for the Debtor."[3] The amended complaint also alleges "Debtor made transfer(s) of an interest of the Debtor's property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $232,252.31."[4] The "details" of "each" transfer are then purportedly provided in an Exhibit A to the amended complaint,[5] which shows, in total:

---

[2] Doc. 3 p. 5 ¶ 15.
[3] *Id.* p. 4 ¶ 12.
[4] *Id.* p. 5 ¶ 16.
[5] *Id.* p. 12 Ex. A.

**3**

| | | | | | | |
|---|---|---|---|---|---|---|
| 7/14/2023 | 1088981 | Toray Plastics ($300k limit) | AA | 010190.1000.BATCH | Batch Payment Control | (33,216.34) |
| 8/9/2023 | 1088981 | Toray Plastics ($300k limit) | AA | 010190.1000.BATCH | Batch Payment Control | (30,000.00) |
| 8/15/2023 | 1088981 | Toray Plastics ($300k limit) | AA | 010190.1000.BATCH | Batch Payment Control | (53,671.74) |
| 9/6/2023 | 1088981 | Toray Plastics ($300k limit) | AA | 010190.1000.BATCH | Batch Payment Control | (64,343.21) |
| 9/21/2023 | 1088981 | Toray Plastics ($300k limit) | AA | 010190.1000.BATCH | Batch Payment Control | (51,021.02) |

No additional details are given about this Defendant or its relation to Debtor or about the meaning of any of the data within Exhibit A.

The Liquidating Agent seeks to avoid all transfers of an interest of Debtor's property made by Debtor to Defendant within the 90-day prepetition period. The amended complaint states four counts: Count 1, avoidance of preferential transfers pursuant to § 547(b);[6] Count 2, recovery of preferential transfers pursuant to § 550; Count 3, avoidance of fraudulent conveyances pursuant to § 548; and Count 4, disallowance of Defendant's claim pursuant to § 502. Any additional allegations within these counts will be addressed as each claim is addressed.

In lieu of an answer, Defendant filed a motion to dismiss or in the alternative for a more definitive statement. Rather than amend her complaint to address the issues raised by Defendant, the Liquidating Agent filed a brief in opposition. In its

---

[6] Regarding potential statutory defenses, the amended complaint states the Liquidating Agent "sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same. Plaintiff also performed its own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant." *Id.* p. 5-6 ¶ 18. Defendant has not challenged this aspect of the amended complaint.

reply, Defendant withdrew its alternative request for a more definitive statement,[7]

and so the Court now solely addresses Defendant's motion to dismiss.

## II.    Legal Standards

The Court has jurisdiction over this core proceeding arising under title 11,[8]

and venue is proper.[9]

Defendant's motion seeks dismissal for failure to state a claim under Fed. R.

Civ. P. 12(b)(6), which applies to this proceeding via Fed. R. Bankr. P. 7012(b). To

survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"[10] A claim is plausible "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."[11] In determining whether a claim is plausible, a court must

"draw all reasonable inferences from the facts" in favor of the plaintiff.[12] Conclusory

allegations, however, are not entitled to this assumption of truth, and threadbare

recitals of the elements of a cause of action will not suffice.[13]

---

[7] *See* Doc. 26 p. 9 (Defendant "withdraws, without prejudice, the portion of the Motion to Dismiss requesting relief under Federal Rule 12(e)").

[8] 28 U.S.C. §§ 1334(b), 157(b)(1) (granting authority to bankruptcy judges to hear core proceedings), (b)(2)(F) ("proceedings to determine, avoid, or recover preferences" are core proceedings).

[9] 28 U.S.C. § 1409.

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[11] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[12] *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162-63 (10th Cir. 2011)).

[13] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *Brooks*, 985 F.3d at 1281 (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)).

**5**

The burden to show that a complaint does not state a plausible claim for relief is on the party moving for dismissal under Rule 12(b)(6).[14] Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15]

## III. Analysis

## A. Avoidance of Preferential Transfers under § 547(b)

"When a debtor pays a creditor prior to filing bankruptcy, the Bankruptcy Code allows for the avoidance of such payments under certain circumstances as set forth in Section 547(b)."[16] The statute says:

> (b) . . . the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made--
>      (A) on or within 90 days before the date of the filing of the petition;
>      . . .
>
> (5) that enables such creditor to receive more than such creditor would receive if--

---

[14] *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed.).

[15] *Iqbal*, 556 U.S. at 679.

[16] *Sender v. Coney (In re Gibson)*, 675 B.R. 63, 101 (Bankr. D. Colo. 2025); *see also Bailey v. Big Sky Motors, Ltd. (In re Ogden)*, 314 F.3d 1190, 1196 (10th Cir. 2002) ("Section 547(b) of the Bankruptcy Code allows a trustee to avoid certain transfers of assets that are deemed preferential to or for the benefit of a specific creditor. This provision has a dual purpose: it prevents individual creditors from dismembering the assets of the debtor in a manner that negatively impacts other creditors, and it allows all creditors to obtain a more equitable distribution of the assets of the debtor.").

**6**

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

"All elements of Section 547(b) must be proven before a transfer will be avoided. The absence of any one of the elements constituting a voidable preference negates the trustee's claim."[17] The Court addresses each element in turn to assess whether the Liquidating Agent has stated a plausible claim under § 547(b).

The Court concludes the first element ("transfer of an interest of the debtor in property . . . to . . . a creditor") is satisfied. The amended complaint alleges the transfers at issue were transfers of Debtor's property. The amended complaint also alleges Defendant is a vendor or creditor. Exhibit A does not give a lot of detail, but it does show "Batch Payment Control"—presumably "payments"—to Defendant and the date of each of those five payments. The allegations therefore are that payments (Debtor's property) were to Defendant (the vendor or creditor). Assuming the allegation of "vendor or creditor" is enough (see below), the first element is

---

[17] *Gillman v. Sci. Rsch. Prods., Inc. of Del. (In re Mama D'Angelo, Inc.)*, 55 F.3d 552, 554 (10th Cir. 1995); *see also Bailey v. Hazen (In re Ogden)*, 243 B.R. 104, 110 (B.A.P. 10th Cir. 2000) ("Under § 547(b), a trustee may avoid 'any transfer of an interest of the debtor in property' if the transfer meets all of the following five criteria: 1) the transfer was made to a creditor; 2) because of an antecedent debt; 3) while the debtor was insolvent; 4) within ninety days before the debtor filed a petition; and 5) the transfer enabled a creditor to receive more than the creditor would if the case were a case under Chapter 7, the transfer had not been made, and the creditor had received payment of the debt as provided under the Code."). The Liquidating Trustee will have the burden of proving each element of her preference claim. 11 U.S.C. § 547(g) ("the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section"); *Rocin Liquidation Est. v. UPAC (In re Rocor Int'l, Inc.)*, 380 B.R. 567, 571 (B.A.P. 10th Cir. 2007) ("Section 547(g) clearly provides that the Estate bears the burden of proving the avoidability of a transfer under § 547(b).").

**7**

satisfied.[18] The fourth element ("made . . . on or within 90 days before the date of the filing of the petition") is also satisfied, as the dates of the payments and the dates of the preference period are all spelled out in the amended complaint and Exhibit A.

The third element is also adequately plead. For the third element ("made while the debtor was insolvent"), the Code clarifies that for the purpose of satisfying § 547, "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."[19] The amended complaint relies at least in part on this presumption by stating that at the time of the transfers, transfers that were all made in the ninety days prepetition, "the Debtor was, or was presumed to be, insolvent."[20]

This is as far as the amended complaint succeeds, however. The amended complaint alleges the second element ("for or on account of an antecedent debt owed by the debtor before such transfer was made") is satisfied merely by reference to Exhibit A. The phrase "antecedent debt" is not defined by the Bankruptcy Code. But case law has defined the term as simply requiring debt incurred prior to a

---

[18] The Tenth Circuit has instructed that a "creditor" should be defined broadly and in assessing the term's use in a § 547(b) claim, cited favorably to Supreme Court precedent noting "in relation to bankruptcy proceedings, Congress intended 'to adopt the broadest available definition of [the term] 'claim.''" *In re Ogden*, 314 F.3d at 1196 (quoting *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991)). Because the Court concludes the Liquidating Agent's amended complaint fails in other regards, it need not decide if the bare "vendor or creditor" allegation is sufficient.

[19] 11 U.S.C. § 547(f).

[20] Doc. 3 p. 7 ¶ 27.

8

transfer.[21] Debt is defined by the Bankruptcy Code as "liability on a claim,"[22] while a claim is defined as "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."[23] Therefore, a debt is "antecedent" "if it was incurred before the allegedly preferential transfer" and the "test for when a debt is incurred is whether the debtor is legally obligated to pay."[24]

As noted above, Exhibit A does not give any details about the transfers listed beyond those already identified. There is no identification, let alone a description, of the debt at issue and the details of what was owed by Debtor prior to the transfer. The Liquidating Agent argues "common sense" dictates this element is satisfied, because (apparently) by referring to Exhibit A, Defendant must know each "payment" would have been made on account of some debt. But Exhibit A does not indicate this creditor had a claim against this debtor prior to these transfers. In fact, there is no allegation of a claim at all—merely calling someone a "vendor or creditor" does not satisfy the element of a transfer made for or on account of an

---

[21] *In re Ogden*, 243 B.R. at 111 ("courts have assumed a debt to be antecedent if the debt is incurred prior to the transfer").

[22] 11 U.S.C. § 101(12).

[23] 11 U.S.C. § 101(5)(A).

[24] *Weinman v. Vantage Travel Servs., Inc. (In re Haimark Line, Ltd.)*, 606 B.R. 418, 422 (Bankr. D. Colo. 2019); *see also Midwest Holding #7, LLC v. Anderson (In re Tanner Family, LLC)*, 556 F.3d 1194, 1196 (11th Cir. 2009) ("A debt is 'antecedent' to the transfer sought to be avoided under § 547(b) if it is *pre-existing* or is incurred *before* the transfer."); *Warsco v. Preferred Tech. Group*, 258 F.3d 557, 569 (7th Cir. 2001) (antecedent debt "exists when a creditor has a claim against the debtor, even if the claim is unliquidated, unfixed, or contingent"); *In re Ogden*, 243 B.R. at 112 ("to determine whether the bankruptcy court correctly found that there was a debtor/creditor relationship and an antecedent debt between the Appellant and the Debtor, we must determine if the record established that the Appellant had a claim against the Debtor before the transfer").

**9**

antecedent debt owed before each transfer is made. The Court therefore concludes the Liquidating Agent did not adequately plead this element.[25]

Likewise, the Court concludes the fifth element (the transfers enabled the creditor to receive more than it would in a Chapter 7 case if the transfers had not been made) is not satisfied. This element is "often called the hypothetical liquidation test. It requires a showing that the transfers at issue allowed the defendant to receive more than it would have in a chapter 7 liquidation case, had the transfers had not been made and instead the creditor received payment of the debt to the extent provided by the Code."[26]

"[T]o make this determination, the court must decide the transferee's creditor class and determine what distribution that class would have received if the transfer had not been made."[27] This element of § 547(b) is generally not applicable to secured

---

[25] *See, e.g.*, *Speth v. Garcia (In re Garcia)*, No. 12-10393, 2014 WL 2757587, at *2 (Bankr. D. Kan. June 16, 2014) ("All Speth pleads is that the debtor transferred 'a payment amount of $35,000' to the Trust during the . . .preference period,[] while debtor was insolvent and for the benefit of the Trust. He does not allege that the Trust is a creditor of the debtor or that debtor owed an antecedent debt to the Trust before the transfer. . . . Absent these critical allegations, the complaint by itself does not state a preference claim."). *C.f. Phoenix Corp. Recovery Servs., LLC v. Astrachan (In re Beaulieu Grp., LLC)*, No. 17-41677-BEM, 2021 WL 4469928, at *34 (Bankr. N.D. Ga. Sept. 29, 2021) (concluding allegations that each preference defendant provided goods or services to the debtor, "the nature of those goods and services, and the date and amount of the payments" were "sufficient to make it plausible that the payments were made on account of an antecedent debt and for the benefit of a creditor"); *Zucker v. Oconee Reg'l Healthcare Found., Inc. (In re Oconee Reg'l Health Sys., Inc.)*, 621 B.R. 64, 76 (Bankr. M.D. Ga. 2020) (concluding allegations the debtor was the principal obligor on bonds, the defendant was the guarantor on those bonds, the debtor made payments to the bond trustee and listed the five payments, the date of execution of the guarantee agreement which coincided with the date of the first payment were sufficient factual assertions to make plausible allegations that transfer were on account of antecedent debt).

[26] *Connolly v. Asbestos Abatement, Inc. (In re Iley & Assoc., Inc.)*, 606 B.R. 871, 888 (Bankr. D. Colo. 2019).

[27] *Rocin Liquidation Est. v. Alta AH&L (In re Rocor Int'l, Inc.)*, 352 B.R. 319, 329-30 (Bankr. W.D. Okla. 2006).

**10**

creditors,[28] and is only applicable to priority creditors if the priority creditor would have received the same distribution" from a Chapter 7 liquidation.[29] For general unsecured creditors, "so long as the distribution to unsecured creditors in a bankruptcy case is less than 100%, any payment to an unsecured creditor during the preference period will enable that creditor to receive, for preference-avoidance purposes, more than it would have received in a hypothetical chapter 7 liquidation had the payment not been made."[30]

Regarding this element, the amended complaint again merely parrots the statute.[31] And again, the Liquidating Agent argues that using "common sense based on the Debtor's insolvency, a Chapter 7 liquidation would not result in 100% distributions to creditors," and therefore, the transfers are more than Defendant would have received in a hypothetical Chapter 7 liquidation. But the amended complaint makes no mention of what type of creditor Defendant is (just that Defendant is a "vendor or creditor"), no mention of what unsecured creditors will recover in distributions from Debtor's Chapter 11 case, and no facts about Defendant receiving more than it would otherwise have received in a Chapter 7

---

[28] *Id.* at 330 ("a payment to a fully secured creditor cannot constitute a preferential transfer because the creditor would not receive more than it would have received in a chapter 7 liquidation").

[29] *Id.*

[30] *Id.* (internal quotations omitted). *See also In re Iley & Assoc, Inc.*, 606 B.R. at 888–89 noting this element "requires the court to construct a hypothetical Chapter 7 case; i.e., to determine what the creditor would have received in a liquidation. The hypothetical test is determined as of the petition date. Under the hypothetical test, unless unsecured creditors would receive a 100% payout, any unsecured creditor who receives a payment during the preference period is in a position to receive more than it would have received under a Chapter 7 liquidation" (internal citations and quotations omitted)).

[31] Although as Defendant points out, the amended complaint actually misstates this element, stating the element as applying if a creditor receives more than it would have received if the transfer "had" been made, rather than "had not" been made.

**11**

case.[32] The insolvency of Debtor is not addressed in any way, other than, as mentioned above, citing the statutory presumption of insolvency. The Court concludes the Liquidating Agent did not adequately plead this element.[33]

The Liquidating Agent argues against a heightened pleading standard that is inappropriate for use in preference actions, and claims Defendant is "improperly" using a heightened standard to "nitpick" the amended complaint.[34] In support, the Liquidating Agent cites *Tousa Homes, Inc. v. Palm Beach Newspapers, Inc. (In re TOUSA, Inc.)*, where the bankruptcy court assessed a motion to dismiss a preference-avoidance action and stated:

> [S]o long as the complaint makes clear who transferred what to whom and when, a preference defendant will have enough information to mount whatever defenses may be available. To require more is to mandate pedantry and to return federal courts to the days of gotcha pleadings before the adoption of the Federal Rules of Civil Procedure.[35]

---

[32] In her opposition to Defendant's motion, the Liquidating Agent refers to Defendant appearing on "Debtor's schedules as a creditor" without any additional detail. Doc. 25 p. 6. Even if she had provided facts in support, as Defendant points out, when assessing a motion to dismiss, "a court must restrict its review to only the 'allegations within the four corners of the complaint,' and cannot consider other pleadings or external allegations." *Brown v. City of Tulsa*, 124 F.4th 1251, 1263-64 (10th Cir. 2025) (quoting *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019)). *See also Becher v. United Healthcare Servs.*, 374 F. Supp. 3d 1102, 1106 (D. Kan. 2019) ("to consider a matter outside the pleadings, the court must convert the motion to dismiss into one for summary judgment under Federal Rule of Civil Procedure 56").

[33] The Liquidating Agent need not yet prove her case, but she must at least allege some facts to meet her burden. As discussed above, the amended complaint does not address debt by Defendant in any way, and it does not reference Debtor's Schedules or a proof of claim by this Defendant, or claims in the case generally, let alone the insolvency of Debtor or any dividend on claims made in Debtor's case. *C.f. Zucker v. Oconee Reg'l Healthcare Found., Inc. (In re Oconee Reg'l Health Sys., Inc.)*, 621 B.R. 64, 76 (Bankr. M.D. Ga. 2020) (concluding allegations of the value of the debtors' assets on the petition date, the liabilities on that date, that the bankruptcy cases resulted in the sale of substantially all of the debtors' assets and the bulk of pre-bankruptcy creditors were not paid were sufficient to satisfy this element at the pleading stage).

[34] Doc. 25 p. 7.

[35] 442 B.R. 852, 856 (Bankr. S.D. Fla. 2010).

**12**

The bankruptcy court in *In re TOUSA, Inc.* was rejecting a "heighted pleading interpretation" it found was adopted by the bankruptcy courts in *Angell v. BER Care, Inc. (In re Caremerica, Inc.)*[36] and *Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.)*[37] which it said "require more than the standard promulgated in *Twombly* and *Iqbal.*"[38]

The Court is not adopting "heightened pleading requirements" as suggested by the Liquidating Agent.[39] But a complaint must state *some* facts that could support the claims made. When considering a motion to dismiss under Rule 12(b)(6), a the Court accepts "as true all well-pleaded factual allegations in the complaint" and views them in "the light most favorable to the plaintiff."[40] At this stage, the Court is not assessing facts,[41] and "detailed factual allegations" are not required.[42] But here, the amended complaint is so devoid of facts that the Court concludes the Liquidating Agent has not stated claims for relief.

The Court concludes the amended complaint does not contain sufficient factual matter, if accepted as true, to state a claim to relief under § 547(b).

---

[36] 409 B.R. 737 (Bankr. E.D.N.C. 2009).

[37] 288 B.R. 189 (Bankr. D. Del. 2003).

[38] *In re TOUSA, Inc.*, 442 B.R. at 855-56.

[39] Doc. 25 p. 9.

[40] *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

[41] *Broker's Choice of Amer., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's amended complaint alone is legally sufficient to state a claim for which relief may be granted." (internal quotation omitted)).

[42] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**13**

**B.   Avoidance of Fraudulent Transfers under § 548(a)(1)(A) and (B)**

The amended complaint also brings claims under both subsections (A) and (B) of § 548(a)(1). Section 548(a)(1) allows a trustee to avoid a "transfer . . . of an interest of the debtor in property" made within two years of the bankruptcy petition if the debtor:

> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; [or]
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured . . .

Defendant moves to dismiss this count of the amended complaint, and the Liquidating Agent does not respond to that request, other than one sentence at the end of her opposition saying she has met "all pleading requirements imposed by 11 U.S.C. §§ 547 and 548."[43] But other than quoting the statute, the amended complaint states no facts—at all—to support a claim under either subsection (A) or (B) of § 548(a)(1). The Court concludes the amended complaint does not contain sufficient factual matter, if accepted as true, to state a claim to relief under § 548.

---

[43] Doc. 25 p. 9.

**14**

**C. Derivative Claims**

Because the Liquidating Agent's substantive claims fail, the Liquidating Agent's additional two counts for recovery of an avoided transfer under § 550 and disallowance of a claim from a transferee under § 502(d) also fail.

**D. Leave to Amend**

In her opposition to the Defendant's motion to dismiss, on the final page of her opposition, the Liquidating Agent includes one sentence that says: "Alternatively, if this Court finds any reason to dismiss any count of the Amended Complaint, the Trustee respectfully requests leave to amend."[44] Amended pleadings are governed by Federal Rule of Civil Procedure 15, made applicable to adversary proceedings via Federal Rule of Bankruptcy Procedure 7015.

Because the Liquidating Agent has already filed an amended complaint and the other requirements for amending as a matter of course in Federal Rule of Civil Procedure 15(a)(1) are not met,[45] the Liquidating Agent can only amend her pleading "with the opposing party's written consent or the court's leave."[46] The Rule dictates that leave should be "freely given when justice so requires."[47]

The Liquidating Agent's "request" for leave to amend does not satisfy the standards for such a request. Federal Rule of Civil Procedure 7(b), applicable to this proceeding via Federal Rule of Bankruptcy Procedure 7007, requires requests for

---

[44] *Id.*

[45] As noted here, the Liquidating Agent did not attempt to amend after Defendant filed its motion to dismiss, as permitted by Fed. R. Civ. P. 15(a)(1)(B).

[46] Fed. R. Civ. P. 15(a)(2).

[47] *Id.*

**15**

court orders be made by a motion, in writing, that "state[s] with particularity the grounds for seeking the order."[48] Likewise, the District of Kansas's Local Rules requires far more than a one-sentence request in the conclusion of an opposition. D. Kan. Rule 15.1 states in pertinent part:

> A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must:
> (1)    set forth a concise statement of the amendment or leave sought;
> (2)    attach the proposed pleading or other document; and
> (3)    in the case of a proposed amended pleading, a non-pro se filer must also attach a redlined version of the proposed amendment that shows all proposed changes to the pleading; and
> (4)    comply with the other requirements of D. Kan. Rule 7.1.

As the Tenth Circuit has noted, a court does not abuse its discretion by denying a request for leave to amend that is not made in a motion and that fails to identify the "specific factual allegations" the plaintiff "would allege in an amended complaint."[49]

The Liquidating Agent has not attempted to satisfy the standards for leave to amend. She did not file a motion as required by Federal Rule of Civil Procedure 7(b) and D. Kan. Rule 15.1. She has not identified the factual allegations she would make in an amended pleading. The adversary proceeding was filed in September 2025, and seven months later the material facts alleged have not been laid out. The

---

[48] Fed. R. Civ. P. 7(b)(1)(B).

[49] *Carroll v. Lawton Indep. Sch. Dist. No. 8*, 805 F.3d 1222, 1231 (10th Cir. 2015); *see also Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) ("A court may also deny leave to amend on timeliness grounds, or where a plaintiff fails to file a written motion and instead merely suggests she should be allowed to amend if the court concludes her pleadings are infirm." (internal citations, quotations, and alterations omitted)); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) ("a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based").

**16**

Liquidating Agent has not satisfied the standards for a court order granting leave to amend.

## IV.    Conclusion

Defendant's motion to dismiss the amended complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6)[50] is granted.

**It is so ordered.**

# # #

---

[50] Doc. 9. *See Bereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."). As discussed, the Liquidating Agent has not timely or properly sought amendment.

**17**